Elizabeth Hunt (5292)
Elizabeth Hunt LLC
569 Browning Avenue
Salt Lake City, Utah 84105
Telephone: (801)461-4300
E-fax: 1-801-443-1980
E-mail: Elizabeth.hunt@comcast.net

Andrew H. Parnes (Idaho State Bar #4410)
*Pro Hac Vice*
P.O. Box 5988
Ketchum 83340
Telephone: (208)726-1010
Fax: (208)726-1187
E-mail: Aparnes@mindspring.com

IN THE UNITED STATES DISTRICT COURT
FOR UTAH, CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, RESPONDENT, v. FRANCES M. FLOOD, PETITIONER. | MEMORANDUM IN SUPPORT OF MOTION TO CONDUCT DISCOVERY IN SUPPORT OF 2255 PETITION<br><br>CASE NO. 2:11-CV-00960-DB<br><br>JUDGE DEE BENSON |

Frances Flood, by counsel, hereby submits this memorandum in support of Flood's motion for an order from this Court authorizing her to conduct discovery in support of her 2255 petition.

RELEVANT FACTS

In denying Flood's appeal, the Tenth Circuit explained that most Sixth

Amendment claims are not appropriately addressed on direct appeal, stating:

> Except in rare circumstances, "[i]neffective assistance of counsel claims should be brought in collateral proceedings, not on direct appeal." <u>United States v. Galloway,</u> 56 F.3d 1239, 1240 (10th Cir.1995) (en banc). When ineffective assistance of counsel claims are pursued on direct appeal, they "are presumptively dismissible, and virtually all will be dismissed." <u>Id.</u> This rule is based on the following rationale:
>
>> A factual record must be developed in and addressed by the district court in the first instance for effective review. Even if evidence is not necessary, at the very least counsel accused of deficient performance can explain their reasoning and actions, and the district court can render its opinion on the merits of the claim. <u>Id.</u>

<u>United States v. Flood</u>, 635 F.3d 1255, 1260 (10th Cir. 2011). The court recognized there is a narrow exception to this general rule, whereby it will address Sixth Amendment claims when the lower court has had an opportunity to rule, and when the record is adequately developed. <u>Id</u>. at 1260-61. The court remanded the matter to this Court to vacate the ruling denying Flood's motion for a new trial alleging a Sixth Amendment violation, so that Flood could develop the record in support of her claims in a 2255 petition before the Court ultimately rules. <u>Id</u>. at 1261.

Flood timely filed a petition to vacate her convictions and sentence pursuant to 28 U.S.C. § 2255. This Court issued an order requiring the Government to file a response to the petition, and following the Government's response, Flood filed a reply.

After filing her petition, Flood requested informal discovery from the Government, but the prosecution has declined to provide any information unless and until this Court enters an order permitting discovery.

In order to develop the record in support of the claims raised in the 2255

petition, it is necessary for Ms. Flood to engage in the discovery process. As set forth below, Ms. Flood requests initial discovery from both the Government and ClearOne through the issuance of subpoenas duces tecum.

She seeks authorization to issue a subpoena to the Government for the following items:

1. All correspondence, communication and information of any kind shared between the United States and ClearOne or their representatives relating in any way to the prosecution of Frances Flood, the civil fee dispute between Ms. Flood and ClearOne, and related appeals.

2. All correspondence, communication, and information of any kind shared between the United States and Susie Strohm or their representatives relating in any way to the criminal prosecution of Flood and Strohm, the civil fee dispute case, and related appeals.

3. All correspondence, communication, and information of any kind shared between the United States and Frances Flood or their representatives relating in any way to the criminal prosecution, the civil fee dispute case and related appeals.

4. All intra-office correspondence, communication and information of any kind relating to the criminal prosecution of Flood and Strohm, the civil fee dispute case, and related appeals which may be material to the claims raised in the pending 2255 matter.

5. The grand jury testimony of Jennifer James.

6. All intra-office correspondence, communication and information of any kind relating to United States v. Stein, 541 F.3d 130 (2d Cir. 2008), the "Thompson memorandum," and the Holder Memorandum, "Federal Prosecution of Corporations" discussed in Stein.

Ms. Flood seeks the following materials from the agents and representatives of ClearOne:

1. All correspondence, communication and information of any kind shared between ClearOne and the United States and any of their representatives related in any way to the prosecution of Frances Flood by the government and

3

  the civil fee disputes between Flood and Strohm and ClearOne and the related appeals.

2.  All correspondence, communication and information of any kind shared between ClearOne, Flood and/or Strohm and any of their representatives, related in any way to the prosecution of Susie Strohm by the United States and the civil fee dispute between Ms. Strohm and ClearOne and the related appeals.

3.  All intra-corporate correspondence, communication and information of any kind relating to the criminal prosecution of Flood and Strohm and the civil fee dispute cases and related appeals.

## ARGUMENT

The Government's duty to provide the defendant with exculpatory and mitigating evidence is a continuing one, e.g., Pennsylvania v. Ritchie, 480 U.S. 39, 60 (1987), and fairness dictates that the prosecution provide exculpatory evidence to the defendant in post-conviction proceedings. See, e.g., Monroe v. Butler, 690 F.Supp. 521, 525-26 (E.D. La. 1988). See also, e.g., Kyles v. Whitley, 514 U.S. 419 (1995) (applying Brady to evidence revealed in post-conviction); Banks v. Dredke, 540 U.S. 668 (2004) (permitting Brady claim to be raised in federal post-conviction despite its not being raised in state post-conviction proceeding). Cf. Scott v. Mullin, 303 F.3d 1222, 1228 (10th Cir. 2002) (permitting petitioner to raise Brady claim for the first time in federal post-conviction because prosecution had not disclosed exculpatory evidence until after the direct appeal).

Because a movant in a 2255 proceeding cannot initiate discovery on her own as in other civil or criminal cases, Flood must seek permission from the Court to obtain appropriate discovery. Under Rule 6 of the Rules Governing 2255 Proceedings for the United States District Courts, "[a] judge may, for good cause,

authorize a party to conduct discovery under the Federal Rules of Criminal Procedure or Civil Procedure, or in accordance with the practices and principles of law." Rule 6(a).

"Good cause is established 'where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that [s]he is . . . entitled to relief.'" Wallace v. Ward, 191 F.3d 1235, 1245 (10th Cir. 199), citing Bracy v. Gramley, 520 U.S. 899, 908-09, 138 L. Ed. 2d 97, 117 S. Ct. 1793 (1997).

The claims in Flood's 2255 petition present substantial questions regarding the conflicts created by the funding and nonpayment of the trial counsel's fees and costs by ClearOne, the alleged victim in the case. The funding issue permeated the case throughout the criminal proceedings against Ms. Flood. The affidavits of trial counsel set forth the effects the funding matters had on SCM's representation of Ms. Flood, including their inability to properly prepare the case and present necessary expert witnesses and other evidence. Moreover, the facts of this case present the unusual situation where defense counsel were employed by and then denied payment by the victim of Ms. Flood's alleged criminal acts – a corporation that hoped to gain millions of dollars from her convictions.

ClearOne actively sought to influence the case against Ms. Flood. ClearOne stated in its own public documents that the corporation was cooperating with the Government. The evidence uncovered to date demonstrates that ClearOne was in close contact with the Government and made attempts to expedite and aid the

prosecution of Ms. Flood. Max Wheeler's affidavit avers that defense materials prepared by ClearOne's attorneys pursuant to the Joint Defense Agreement were found amongst the criminal discovery provided by the Government and that an attorney for ClearOne was making arrangements for the Government to work with ClearOne employees and former ClearOne employees to aid in the prosecution (FA 1-7).

An e-mail chain amongst trial counsel for Flood and Strohm dated November 21, 2008, detailed the comments of one of the prosecutors to Flood's trial counsel to the effect that ClearOne had been suggesting documents and facts to be used in the criminal prosecution (FA 209-210). The email indicated that this confirmed the suspicions of the criminal defense attorneys that ClearOne was trying to get Flood and Strohm convicted in order to deny payment of attorneys' fees, recognized that ClearOne likely had been seeking detailed defense billing for ulterior motives in the past, and also asserted that counsel could not trust ClearOne with confidential information or detail about the defense of the case.

Flood's counsel tried to litigate her defense in such a manner as to persuade ClearOne to pay, and accordingly cooperated with ClearOne as much as possible under the Joint Defense Agreement (FA 4, 6). They also worried about what information ClearOne was sharing with the Government (FA 5). Counsel's choice to continue cooperating with the alleged victim of Flood's crimes under the Joint Defense Agreement allowed ClearOne to access the prosecution's discovery, monitor plea negotiations, determine when to stop paying Flood's defense costs, and make

Case 2:11-cv-00960-DB Document 22 Filed 02/13/12 Page 7 of 8

suggestions to the Government regarding witnesses and documents it might use to convict Flood (See FA 209-210, 216-218, 313-316).

In order to fully develop the record as the Tenth Circuit opinion found was necessary to reach the merits of these claims, this Court should grant the discovery requested by Ms. Flood. The information sought is required for Flood to investigate, understand and demonstrate the extent of the cooperative relationship between the Government and ClearOne throughout the prosecution of Ms. Flood, and trial counsel's contributions to Flood's convictions through their participation in the Joint Defense Agreement. What has been developed to date provides strong evidence of the active involvement of the agents and officers of ClearOne in the prosecution; however, the full extent of that involvement can only be developed through the grant of the discovery requests set forth above.

Each of the requests seeks information which will likely support the claims of the 2255 petition by demonstrating the extent ClearOne's relationship with the Government, and involvement with trial counsel, thereby proving the existence of the actual conflicts alleged in this matter. Without full disclosure by both the Government and ClearOne, the true nature and extent of the conflict will be left undeveloped through no fault of Ms. Flood. Indeed, this Court's grant of her discovery requests is the sole method by which she can obtain the documents and possible testimony to develop her claims. Wherefore, Ms. Flood respectfully requests that this Court grant the requests set forth above by permitting her to issue subpoenas duces tecum to the Government and ClearOne.

Respectfully submitted this 13th day of February, 2012.

<div style="text-align:right">

*/s/ Andrew H. Parnes*
Elizabeth Hunt and Andrew H. Parnes

</div>

## CERTIFICATE OF SERVICE

I hereby certify that on the February 13, 2012, a true and correct copy of the foregoing was filed electronically and caused by be served by electronic notice to all parties listed below: Assistant United States Attorney Diana Hagen.

<div style="text-align:right">

*/s/ Elizabeth Hunt*

</div>